RESUBMIT HLD-008                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2314
_____

IN RE: THOMAS JAMES CLAUSO,
                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2-12-cv-03969)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 5, 2015
Before:  Chief Judge MCKEE, GARTH and BARRY, Circuit Judges

(Opinion filed: September 16, 2015)
_____

OPINION[*]
_____

PER CURIAM

       Petitioner Thomas James Clauso filed a petition for a writ of mandamus on May

25, 2015.  See Fed. R. App. P. 21.  In that petition and subsequent motions, Clauso

requested that we (1) prompt the District Court to rule on an outstanding motion in his 28

U.S.C. § 2254 proceeding, (2) provide equitable relief addressing certain conditions of

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

his state incarceration, and (3) address the merits of his § 2254 petition. We invited the District Court to respond to Clauso's petition and held his other motions in abeyance pending resolution of his mandamus petition. On July 30, 2015, the District Court entered an opinion and order that addressed and dismissed Clauso's outstanding habeas petition for lack of jurisdiction under 28 U.S.C. § 2244(b).

Because the District Court has now resolved Clauso's outstanding action, his mandamus petition must be dismissed as moot to the extent it was predicated on delay by the District Court. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996).

We will also deny Clauso's requests for equitable relief because they fall outside the scope of our authority in a mandamus proceeding. The purpose of the writ of mandamus is to compel a lower court to perform its duty. See In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (citation omitted). Clauso's motions, however, are not directed at a lower federal court. Rather, he requests that this Court require state prison officials to undertake certain remedial actions. Clauso must request such relief in an appropriate action before a federal district court in the first instance; if denied, he may then properly raise these claims before this Court on appeal. See In re Chambers Dev. Co., 148 F.3d 214, 226 (3d Cir. 1998) (noting that "mandamus is not a substitute for appeal").

Similarly, the merits of Clauso's habeas petition are outside the scope of this mandamus proceeding.  See id.  If he wishes to dispute the District Court's resolution of his § 2254 claims, Clauso may do so by filing a proper appeal.

Accordingly, we will dismiss Clauso's petition for a writ of mandamus as moot. All other pending motions are denied.